IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EARNEST D. BATTLE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:16-CV-471-WKW |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM OPINION**

Petitioner Earnest D. Battle ("Battle") filed this action pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence based upon *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1] Before the court is the Joint Proposal for Proceeding on 28 U.S.C. § 2255 Motion in which the parties agree that Battle is entitled to sentencing relief and that he likely is eligible for immediate release. (Doc. # 8.) Battle has filed an affidavit waiving his right to be present for a resentencing hearing. (Doc. # 9-1.) Upon careful consideration of the Joint Proposal, the record, and the governing law, Battle's motion will be granted, his sentence will be vacated, and he will be resentenced.

A jury convicted Battle on one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On January 21, 2009, Battle was

---

[1] This is Battle's first motion under § 2255.

sentenced to 180 months' imprisonment pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), based on the court's adoption of the presentence investigation report ("PSR"), which indicated that Battle had three prior "violent felony" convictions within the meaning of § 924(e)(2). Battle has three prior convictions for third-degree burglary under Alabama law, *see* Ala. Code § 13A-7-7(a), which by process of elimination are the three felony convictions that were used to enhance his sentence under the ACCA.[2] The mandatory minimum sentence prescribed by the ACCA is 180 months. Without application of the ACCA, Battle's guidelines range is 21 to 27 months, and he is eligible for immediate release.

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the ACCA's residual clause is unconstitutionally vague. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* announced a new substantive rule of constitutional law that applies retroactively in cases on collateral review. Under *Johnson* and *Welch*, it is clear that Battle's third-degree burglary convictions cannot be used as predicate ACCA offenses under § 924(e)(2)(B)'s residual clause. Thus, unless the convictions satisfy another definition of "violent felony" under either § 924(e)(2)(B)'s elements clause or

---

[2] The PSR did not indicate which of Battle's five prior felony convictions served as the predicate offenses under the ACCA or under which provision of the ACCA. There were no objections to the PSR, and it was adopted in its entirety.

enumerated-crimes clause, they cannot be used to enhance Battle's sentence under the ACCA.

The parties agree that, with the Supreme Court's striking down of the ACCA's residual clause as a basis for a sentencing enhancement, Battle is entitled to relief under *Johnson* and *Welch* because third-degree burglary under Alabama law does not qualify as an ACCA predicate under either the elements or enumerated-crimes clauses. That agreement, at least as confined to an initial § 2255 motion such as Battle's, finds support in Eleventh Circuit precedent. *See Mays v. United States*, 817 F.3d 728 (11th Cir. 2016) (per curiam). In *Mays*, the Eleventh Circuit concluded that "[t]he elements clause clearly is inapplicable" to third-degree burglary convictions under § 13A-7-7 of the Alabama Code. *Id.* at 733 n.5. It also reiterated its prior holding that under *Descamps v. United States*, 133 S. Ct. 2276 (2013), "a conviction for third degree burglary cannot qualify as a violent felony under the enumerated clause because Alabama Code § 13A-7-7 is an indivisible, non-generic statute." *Mays*, 817 F.3d at 733 (citing *United States v. Howard*, 742 F.3d 1334 (11th Cir. 2014)). Importantly, the *Mays* court held that *Descamps* applied retroactively "in the first post-conviction context." *Id.* at 730.

*Descamps* was decided after Battle's conviction and sentence; however, it applies retroactively because this is Battle's first § 2255 motion. Hence, § 924(e)(2)(B)'s enumerated-crimes clause does not apply to Battle's Alabama

third-degree burglary convictions, and Battle is not an armed career criminal under the ACCA.

Because Battle no longer has three qualifying felony offenses under the ACCA, his sentence enhancement under the ACCA is illegal and warrants habeas relief. Battle's § 2255 motion is due to be granted, and his sentence is due to be vacated. Having considered all appropriate 18 U.S.C. § 3553(a) factors, the court finds that a sentence of time served is a reasonable sentence. Accordingly, Battle's term of imprisonment will be reduced to a "time served" sentence.

An appropriate judgment in this action will be entered, and an amended judgment will be entered in the criminal case to reflect a sentence of time served and a term of supervised release of three years.

DONE this 20th day of July, 2016.

                                                   /s/ W. Keith Watkins
                                        CHIEF UNITED STATES DISTRICT JUDGE